OPINION
Defendant-appellant Nicholas Ginnis appeals from a decision rendered by the Mahoning County Common Pleas Court refusing to continue a hearing on his post-sentence motion to withdraw a guilty plea so that he could obtain counsel. For the following reasons, the judgment of the trial court is reversed and this cause is remanded.
 STATEMENT OF THE CASE
In November 1994, appellant was indicted for the aggravated murder, kidnapping and theft of Joseph Depp, who was found dead in the bed of his truck as a result of gunshot wounds. On May 28, 1996, appellant pled guilty to the charges. In exchange, appellee State of Ohio dismissed three firearm specifications. Thereafter, appellant was sentenced to life with the possibility of parole after twenty years for aggravated murder, ten to twenty-five years for kidnapping and four to ten years for felony theft of a motor vehicle.
On July 12, 1999, appellant filed a pro se motion to withdraw his guilty plea and requested an evidentiary hearing. His motion contended that his attorney did not investigate facts that would have revealed that the kidnapping and theft charges could not be sustained against him. He also claimed that his attorney did not discuss a plea agreement with him until the day of the plea hearing. Appellant thus argued that his guilty plea was not voluntary, knowing and intelligent. In support of his contentions, appellant pointed to a motion filed by his attorney more than a year prior to appellant's guilty plea in which his attorney requested a continuance due to his involvement in the trials of two other clients. Appellant argued that this motion demonstrates that his attorney was too busy with other cases to properly investigate.
On April 19, 2000, the trial court ordered the Mahoning County Sheriff's Department to transport appellant from Ross Correctional Institution to the court for a hearing. The warrant of removal was issued to the Sheriff's Department on April 20. There is no evidence that appellant was notified of the hearing.
On April 25, 2000, a hearing was held on Appellant's motion to withdraw his guilty plea. Appellant requested time to consult an attorney. The trial court replied, "Go ahead and hire one * * *." (Tr.4). It then ordered the case recessed. The trial court subsequently asked appellant why he had not hired an attorney earlier. Appellant said that he did not have notice of the hearing. The trial court stated that it would not allow appellant to address the court further without advice from his attorney. It declared that the hearing was continued at appellant's request.
At this point, the prosecutor asked to be heard. He argued that the court could overrule appellant's motion to withdraw his guilty plea without a hearing. He contended that, even if all of appellant's allegations were true, there was no basis to withdraw the plea. The trial court stated, "Your point is well taken. The defendant's motion to withdraw guilty plea filed pro se is overruled." (Tr. 8). This appeal followed.
 ASSIGNMENTS OF ERROR
Appellant alleges two assignments of error on appeal. These assignments will be discussed together as they have a common basis in law and fact. They respectively allege:
 "THE TRIAL COURT ERRED IN FAILING TO GIVE APPELLANT AN OPPORTUNITY TO OBTAIN AN ATTORNEY AND IN FAILING TO INQUIRE AS TO WHETHER APPELLANT WAS ENTITLED TO APPOINTMENT OF COUNSEL."
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO CONTINUE THE EVIDENTIARY HEARING TO ALLOW APPELLANT TO OBTAIN AN ATTORNEY WHEN APPELLANT WAS NOT SERVED WITH NOTICE OF THE HEARING."
 LAW AND ANALYSIS
A hearing on a post-sentence motion to withdraw a guilty plea is not required unless the facts alleged by the defendant, if accepted as true, would require the court to sustain the motion. State v. Brown (Aug. 12, 1994), Mahoning App. No. 93CA164, unreported. A post-sentence motion to withdraw a guilty plea may only be granted upon a showing of manifest injustice. Crim.R. 32.1. The defendant has the burden to prove such injustice. State v. Smith (1977), 49 Ohio St.2d 261, 264. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Id. at syllabus. An appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. Statev. Blatnik (1984), 17 Ohio App.3d 201, 202. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
Appellant's motion contended that he could not have been convicted of theft. Appellant was charged under R.C. 2913.02. That section provides, "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent * * *." Appellant's motion claimed that there was no evidence that the victim was deprived of property or services. He notes that the victim was found in his truck with all of his personal belongings, including money and drugs.
Appellant's motion also argues that he could not have been sentenced for both kidnapping and aggravated murder. His argument essentially claimed that the kidnapping charge and the aggravated murder charge were allied offenses of similar import. R.C. 2941.25 (A) provides, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." When determining whether kidnapping and other crimes are allied offenses of similar import, the Ohio Supreme Court has adopted the following guidelines:
 "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."
State v. Logan (1979), 60 Ohio St.2d 126, syllabus.
Appellant's motion insisted that the shooting was the underlying crime and that the victim was not subjected to any increase in the risk of harm aside from the shooting.
Regarding the theft charge, appellant's motion did not allege facts sufficient to warrant a hearing. He merely claimed that the victim's body was found along with his personal belongings. Appellant failed to allege that he did not exercise control over the victim's property without his consent with the purpose to deprive the victim of his property.
However, if appellant's assertions concerning the kidnapping charges are true, it appears that he could not have been sentenced on both the kidnapping and aggravated murder charges. As such, sentencing on both charges would constitute manifest injustice. Therefore, the trial court was obligated to proceed with an evidentiary hearing.
The trial court properly commenced a hearing. It later continued the matter, stating that it would not permit appellant to address it until he contacted an attorney. Nonetheless, without giving appellant an opportunity to respond to the prosecutor's comments, the trial court changed its mind and immediately overruled appellant's motion to withdraw his guilty plea. This was improper. First, sufficient facts were alleged to warrant a hearing. Second, assuming arguendo we conclude that appellant did not allege sufficient facts, the trial court, nonetheless, believed that a hearing was in order. Thus, once the trial court initiated the hearing, it was obligated to conduct a full evidentiary hearing.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for a full evidentiary hearing on appellant's motion to withdraw his guilty plea. The trial court is further instructed to afford appellant an opportunity to retain counsel or appoint counsel if appellant is determined to be indigent.
 __________________ VUKOVICH, P.J.
Donofrio, J., concurs, Waite, J., concurs.